**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENDY SUADY, | No. 11-70080 |
| Petitioner, | Agency No. A078-020-451 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012**

Before:    Before CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Rendy Suady, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review for an abuse of discretion

the BIA's denial of a motion to reopen. *Cano-Merida v. INS*, 311 F.3d 960, 964

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2002). We deny in part and dismiss in part the petition for review.

Suady contends the BIA abused its discretion in denying his motion to reopen proceedings in light of this court's decisions in *Wakkary v. Holder*, 558 F.3d 1049 (9th Cir. 2009), and *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010). We reject Suady's argument in light of our prior decision, *Suady v. Holder*, No. 07-71326, 2010 WL 55576 (9th Cir. Jan. 6, 2010), in which this court applied the disfavored group analysis to Suady's withholding of removal claim and rejected it. We also reject Suady's request that the court reconsider its stance on whether there is a pattern or practice of persecution of Christian Indonesians.

Further, we deny Suady's motion to take judicial notice of the 2010 U.S. Department of State International Religious Freedom Report for Indonesia. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc); *cf. Gafoor v. INS*, 231 F.3d 645, 655-56 (9th Cir. 2000) (the court may take judicial notice of dramatic events and will remand to the agency for consideration).

Finally, we lack jurisdiction to review Suady's remaining contentions related to asylum, equitable tolling of the one-year filing requirement, and a pattern or practice of persecution, because he failed to raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**